**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LEONARDO de SOUZA, individually and on behalf of all others similarly situated, | Case No: 11-CV-61879-JORDAN |
| Plaintiff, | |
| -against- | |
| MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC and MICHEL BOUX | |
| Defendants. | |
| JEFFREY SWANSON, individually and on behalf of all others similarly situated, | Case No: 11-CV-62200-JORDAN |
| Plaintiff, | |
| -against- | |
| MAGNUM D'OR RESOURCES, INC., JOSEPH J. GLUSIC and MICHEL BOUX | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNNIKRISHNAN MADHAVAN THEKKEKALATHIL'S**
**RENEWED MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 1

ARGUMENT ............................................................................................................................ 4

   I.    THE CASES SHOULD BE CONSOLIDATED ............................................................ 4

   II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ......................................... 4

       A.    The PSLRA's Requirements .................................................................................. 4

       B.    Movant Made A Timely Motion For Appointment As Lead Plaintiff ................... 6

       C.    Movant Has the Largest Financial   Interest
           and Otherwise Satisfies Fed. R.Civ.P. 23 ............................................................... 7

   III.  THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL .................. 9

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ehlert v. Singer*,
 185 F.R.D. 674 (M.D. Fla. 1999)..................................................................................................5

*Grand Lodge of Pa. v. Peters*,
 07 Civ. 479, 2007 U.S. Dist. LEXIS 48191 (M.D. Fla. June 22, 2007) ................................. 7-8

*Miller v. Dyadic Int'l, Inc.*,
 C.A. No. 07-civ-80948, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) ....................5

*Piven v. Sykes Enterprises, Inc.*
 137 F. Supp. 2d 1295 (M.D. Fla. 2000)........................................................................................8

*Vincelli v. Nat'l Home Health Care Corp.*,
 112 F. Supp. 2d 1309 (M.D. Fla. 2000).............................................................................5, 8, 9

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ....................................................................................................................4

15 U.S.C. § 78u-4(a)(3) ....................................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A)...............................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) .......................................................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B)...............................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(i) .......................................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..........................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .....................................................................................................5

15 U.S.C. §§ 78u-4(a)(3)(B)(v) ........................................................................................................9

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23.....................................................................................................................5, 7, 8

Rule 10b-5.........................................................................................................................................1

Rule 10b-5 and §20(a) ..................................................................................................................1, 3

## PRELIMINARY STATEMENT

Unnikrishnan Madhavan Thekkekalathil ("Movant") respectfully submits this Memorandum of Law in support of his renewed motion (the "Motion"), pursuant to § 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (i) consolidating the above-captioned actions (ii) appointing Movant as Lead Plaintiff of a class of investors who purchased shares of Magnum D'Or Resources, Inc. ("Magnum" or the "Company") between July 2, 2008 and April 13, 2010, inclusive (the "Class Period"); and (iii) approving Movant's selection of Faruqi & Faruqi, LLP ("Faruqi") as Lead Counsel, a law firm which is highly qualified to prosecute these securities fraud claims on behalf of Plaintiff and the proposed class. Movant previously submitted a similar motion on September 16, 2011 (Dkt. # 8-11), but in an abundance of caution files this renewed motion.

## STATEMENT OF FACTS

On July 18, 2011, plaintiff Steven Puopolo, represented by the law firm Vianale & Vianale, LLP ("Vianale"), filed the first class action complaint in this matter (the "Puopolo Complaint"), against Magnum and Michel Boux ("Boux"), a director and Vice President of Canada Operations at the Company. *See* Puopolo Complaint ¶ 1. The Puopolo Complaint did not name the Company's Chief Executive Officer, Joseph J. Glusic ("Glusic"), as a defendant in that action, but reserved the right to do so at a future date. The Puopolo Complaint alleged, among other things, that Magnum had violated § 10(b) and Rule 10b-5 of the Exchange Act and that Boux had violated §20(a) of the Exchange Act by making false statements which artificially inflated the price of its stock. *Id.* ¶¶ 69-77.

1

Specifically, the Puopolo Complaint alleged that Magnum, a tire-recycling company, cashed in on an illicit "round-tripping" scheme using its own stock. Puopolo further alleged that Magnum issued millions of shares of its stock as compensation to several so-called "consultants," who then sold the shares in foreign brokerage accounts, kept some of the cash proceeds for themselves, and funneled the rest -- some $7 million -- back to Magnum, under sham "loan" agreements. As such, Puopolo claimed that the Company further perpetrated the scheme by falsely touting $130 million in contracts for its products and $15 million in financing – misrepresentations that artificially inflated Magnum's stock price during the Class Period.

The Securities and Exchange Commission (the "SEC") previously investigated Magnum's fraudulent "round-tripping" scheme, a fact that the Company hid from its outside auditors and the public for six months. In April 2010, when Magnum finally informed its auditor, Weinberg & Company, P.A. ("Weinberg"), about the SEC's formal investigation, Weinberg withdrew its prior audit opinions for 2008 and 2009. The Company's stock price subsequently plummeted on this news. Moreover, the SEC formally charged Magnum and its Chief Executive Officer, Glusic. Glusic has since resigned from Magnum and has settled with the SEC. *See, e.g.,* Puopolo Complaint.

On July 21, 2011, within twenty (20) days of filing the Puopolo Complaint, Vianale issued a press release notifying potential class members that the Puopolo Complaint had been filed and of their right to seek appointment as Lead Plaintiff within sixty (60) days (on or before September 16, 2010). *See Exhibit A* (the "Notice") to the Declaration of Emily Komlossy filed herewith in support of the Motion. ("Komlossy Decl.").

On August 22, 2011, however, Vianale and co-counsel Sarraf Gentile, LLP, announced that they had voluntarily dismissed without prejudice the Puopolo Complaint. Subsequently, on

2

August 23, 2011, plaintiff Leonardo de Souza, represented by counsel Saxena White, P.A. ("Saxena") and Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf"), filed a class action complaint similar to the Puopolo Complaint (the "de Souza Complaint").  However, to the best of Movant's knowledge, Saxena and Wolf failed to issue a press release notifying potential class members that the de Souza Complaint had been filed and of their right to seek appointment as Lead Plaintiff within sixty (60) days.  The de Souza Complaint alleged violations of § 10(b), Rule 10b-5 and § 20(a) of the Exchange Act against Magnum and Boux, and also added Glusic as a defendant.

On September 2, 2011, Weinberg, which was retained by Magnum to audit the Company's financial statements, filed a complaint in the Southern District of Florida alleging claims for breach of contract, account stated, open account and an alternative claim for fraud in the inducement, against Magnum.

Pursuant to the Private Securities Litigation Reform Act of 1995, as amended, and in accordance with the statutory requirement of the PSLRA, plaintiff de Souza and Movant timely filed separate motions to be appointed lead plaintiff.  Plaintiff de Souza subsequently withdrew his motion on October 3, 2011 (Dkt. #13), conceding that he did not have the "largest financial interest" in the litigation, in light of the loss suffered by Movant.  (Dkt. #8-11, 13).  The Court has not ruled on this motion.  Movant believes he is presumptively the most adequate lead plaintiff, having been the only class member to move in a timely fashion, and having suffered the largest loss.

On October 12, 2011, plaintiff Jeffrey Swanson ("Swanson") filed a complaint styled *Swanson v. Magnum D'Or Resources, Inc.*, Case No. 11-CV-61879-JORDAN in this Court, which alleges the same claims against the same defendants during the same time period.

Counsel for Swanson published notice that same day advising shareholders they had 60 days to move for lead plaintiff (*i.e.*, December 11, 2011).  (*See* October 12, 2011 press release attached as Exhibit B to the Komlossy Decl.).  Although Movant believes he is still presumptively the most adequate lead plaintiff, having timely moved under the original notice issued on July 21, 2011, he files this renewed motion.

## ARGUMENT

### I.   THE CASES SHOULD BE CONSOLIDATED

Both the de Souza and Swanson actions fall squarely within 42(a) of the Federal Rules of Civil Procedure, making consolidation appropriate.  In addition, the PSLRA specifically provides for the consolidation of actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination (of who shall serve as lead plaintiffs) until after the decision on the motion to consolidate is rendered.

Exchange Act § 21D(a)(3)(B)(ii); 15 U.S.C. §78u-4(a)(3)(B)(ii)

The consolidation of the actions filed against Magnum D'Or will avoid duplicative litigation of issues and the potential waste of judicial resources inherent in litigating each action separately.  Accordingly, the two actions already filed, and any other action subsequently filed in or transferred to this district which arises out of the same subject matter alleged in the above-captioned cases, should be consolidated for all purposes, including trial.

### II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The PSLRA's Requirements

The PSLRA governs the procedure for appointing a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1); 78u-4(a)(3)(B)(i).  First, the plaintiff who

4

files the initial complaint must, within twenty (20) days of filing the action, publish a notice informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, within ninety (90) days after publication of the notice, the PSLRA provides that the Court shall consider all motions made by purported class members and appoint as Lead Plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who the most adequate plaintiff is, the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1314 (M.D. Fla. 2000); *Ehlert v. Singer*, 185 F.R.D. 674, 678 (M.D. Fla. 1999). The relevant factors used to determine the plaintiff with the "largest financial interest" are: (1) the number of shares purchased during the class period; (2) the amount of the investment; and (3) the alleged loss. *Miller v. Dyadic Int'l, Inc.*, C.A. No. 07-80948-CIV, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008). However, this is only a presumption, and any member of the proposed class may rebut the presumption upon proof that the presumptively most adequate

plaintiff is subject to unique defenses, or will not fairly and adequately protect the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Movant Made A Timely Motion For Appointment As Lead Plaintiff

Movant filed his initial motion prior to the expiration of the lead plaintiff filing deadline on September 16, 2011, and now renews his motion in light of the confusion caused by Swanson's attempt to extend the lead plaintiff deadline. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), *the first plaintiff to file a complaint* (*i.e.*, Puopolo) was required to publish notice of the complaint within twenty (20) days of the complaint's July 18, 2011 filing (*i.e.,* on or before August 7, 2011). Plaintiff Puopolo's counsel published notice of his complaint via *Marketwire* on July 18, 2011. *See* Komlossy Decl., Ex. A. Thus, as permitted by Sections 21D(a)(3)(A) and (B) of the Exchange Act, any person who is a member of the proposed Class was entitled to apply to seek appointment as Lead Plaintiff by the Court within 60 days after publication of the notice (*i.e.*, on or before September 16, 2011). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In fact, Swanson's counsel earlier published notice of the September 16, 2011 lead plaintiff deadline via *Businesswire*. Exhibit C to the Komlossy Decl. Thus, Movant's initial motion was timely filed on September 16, 2011.

However, on October 12, 2011, Swanson filed his complaint and counsel for Swanson published notice that same day advising shareholders they had 60 days to move for lead plaintiff (*i.e.,* December 11, 2011). *See* Exhibit B to the Komlossy Decl..

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Movant timely signed and submitted a certification that identified all of his transactions in Magnum securities during the Class Period, and further detailed his suitability to serve as a class representative in this case. *See* Exhibit D to the Komlossy Decl.. As such, Movant has more than satisfied the procedural requisites of the PSLRA and now moves this Court a second time to be appointed Lead Plaintiff

6

on behalf of the class and for approval of his selection of counsel as Lead Counsel for the proposed class.

### C. Movant Has the Largest Financial Interest and Otherwise Satisfies Fed. R. Civ. P. 23

Movant, as indicated above, purchased 68,100 shares of Magnum common stock during the Class Period and has suffered a loss on his purchases of $81,553.  *See,* Exhibit E to Komlossy Decl.  Swanson purchased 37,500 shares during the Class Period and has suffered a loss on his purchases of $61,500 according to the information in his Certification, which is attached as Exhibit F to the Komlossy Decl..  By every measure, Movant has a larger financial interest in this litigation than Swanson.[1]

In addition, Movant satisfies the requirements of Rule 23 of the *Federal Rules of Civil Procedure*, which provides that a class may be certified, and a party may serve as a class representative, if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  Of the four prerequisites set forth in Fed. R. Civ. P. 23(a), only two – typicality and adequacy – are directly applicable to an application for appointment as lead plaintiff.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See, e.g., Grand Lodge of Pa. v. Peters*, No. 07-cv-

---

[1] If calculated using the 90-day mean average referenced in 15 U.S.C. 78u-4(e), Movant has a loss of $68,348.41, while Swanson has a loss of $54,228.75.  Exhibit E to Komlossy Decl..

479-T26-EAJ, 2007 U.S. Dist. LEXIS 48191 (M.D. Fla. June 22, 2007)  (noting that only the typicality and adequacy elements of Rule 23 are examined at the lead plaintiff stage).

Typicality exists "where the claims or defenses of the representative parties are typical of the claims or defenses of the class."  *See* Fed. R. Civ. P. 23(a)(3).  Thus, the named representative's claims must share "the same essential characteristics as the claims of the class at large."  *Piven v. Sykes Enterprises, Inc.* 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000).  Movant satisfies the typicality requirement because he: (1) purchased Magnum common stock during the Class Period as a result of defendants' materially false and misleading statements and/or omissions; and (2) suffered damages as a result.  Movant's claims are thus typical of those of the class as his claims and the claims of other class members arise out of the same course of events.

Movant also fulfills the adequacy requirement.  The determination of fair and adequate representation is a two-pronged test: "1) common interests between a representative and the class; and 2) a willingness and ability to vigorously prosecute the action."  *Vincelli*, 112 F. Supp. at 1314.  Further, the proposed lead plaintiff "must not possess interests antagonistic to those of the other class members."  *Id*.

Movant has committed to prosecute this action effectively and efficiently, as a fiduciary to the class, and to monitor class counsel.  Movant has suffered a substantial loss as a result of his purchases of the common stock of Magnum, along with numerous other Magnum shareholders.  Thus, Movant's interests are not antagonistic, but are instead perfectly aligned with the majority of absent class members.  Further, the firm he has selected as Lead Counsel, Faruqi & Faruqi, LLP, is a nationwide plaintiff's class action firm with extensive experience in effectively prosecuting securities class actions.  Accordingly, the Court can be assured that

8

Movant and his selected counsel will more than adequately protect the interests of absent Class members.

### III.     THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v).  Thus, a court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class."  *Vincelli*, 112 F. Supp. 2d at 1315.  Movant has selected Faruqi & Faruqi, LLP as proposed Lead Counsel for the class.  The attorneys at Faruqi & Faruqi, LLP have extensive experience in securities and other complex litigation, and have successfully prosecuted numerous securities fraud class actions on behalf of defrauded investors.  *See* Faruqi & Faruqi, LLP firm resume, attached as Exhibit G to the Komlossy Decl..  Thus, the Court can be assured that by approving Movant's choice of counsel, the class will receive the highest caliber of legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court appoint him as Lead Plaintiff on behalf of the putative class and to approve his selection of Faruqi & Faruqi, LLP, as Lead Counsel for the class.

Dated:  December 9, 2011                                        **FARUQI & FARUQI, LLP**

By:  */s/ Emily C. Komlossy*
Emily C. Komlossy (FL Bar No. 7714)
ekomlossy@faruqilaw.com
3595 Sheridan Street, Suite 206
Hollywood, Florida 33021
Tel: 954-239-0280
Fax: 954-239-0281

-and-

**FARUQI & FARUQI, LLP**
Richard W. Gonnello
rgonello@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Tel: 212-983-9330
Fax: 212-983-9331

*Counsel for Proposed Lead Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2011, I caused a true and correct copy of the foregoing Memorandum Of Law In Support Of Unnikrishnan Madhavan Thekkekalathil's Renewed Motion For Consolidation of Actions, Appointment As Lead Plaintiff And Approval Selection Of Lead Counsel to be electronically filed with the Clerk of the Court on counsel of record for all relevant parties. I also certify that this document is being served this day on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filings.

By: */s/ Emily C. Komlossy*
      Emily C. Komlossy

## SERVICE LIST

**JOSEPH J. GLUSIC**
1326 S.E. 17th Street, Suite 513
Fort Lauderdale, Florida 33316
Manner of service: via US Mail

**MAGNUM D'OR RESOURCES, INC.**
1326 S.E. 17th Street, Suite 513
Fort Lauderdale, Florida 33316
Manner of service: via US Mail

**MICHEL BOUX**
c/o MAGNUM D'OR RESOURCES, INC.
1326 S.E. 17th Street, Suite 513
Fort Lauderdale, Florida 33316
Manner of service:  via US Mail

*Defendants*

**SAXENA WHITE P.A.**
JOSEPH E. WHITE III
2424 North Federal Highway, #257
Boca Raton, FL 33431
Manner of service:  CM/ECF

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole
Martin E. Restituyo
270 Madison Avenue
New York, NY 10016
Manner of service:  via US Mail

**LAW OFFICES OF BRUCE G. MURPHY**
265 Llwyds Lane
Vero Beach, Florida 32963
Manner of service:  CM/ECF

**BARKER, RODEMS & COOK, P.A.**
Chris A. Barker
501 East Kennedy Blvd, Suite 790
Tampa, Florida 33602
Manner of service: CM/ECF

12

**RIGRODSKY & LONG**
Seth D. Rigrodsky
Timothy J. MacFall
Scott J. Farrell, Esq.
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Manner of service: via US Mail

*Counsel for Magnum D'Or Shareholders*